# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ALEXANDRIA QUALIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV416-226 |
| | ) | |
| CAROLYN W. COLVIN, Acting, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Alexandria Qualia's claims for Disability Insurance benefits and Supplement Security Income benefits were denied on March 30, 2015 in a written decision by a Social Security Administration (SSA) Administrative Law Judge. Doc. 1 at 5. That decision was made final on June 6, 2016 when the SSA's Appeals Council denied review. *See id.* at 5 (letter dated June 6, 2016 notifying plaintiff of Appeals Council's decision). The SSA warned her that she had 60 days to seek judicial review of the denial, "start[ing] the day after you receive this letter." *Id.* at 6. It further warned that the SSA "assume[s] you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." *Id.*

Proceeding *pro se*, plaintiff filed a Complaint for judicial review of the agency's decision on August 17, 2016, 71 calendar days later. Doc. 1. The Commissioner thus moves to dismiss Qualia's complaint as time-barred. Doc. 10. Plaintiff opposes. Doc. 11.

I.     **GOVERNING STANDARDS**

Under the Social Security Act, a claimant is entitled to disability insurance benefits if she is "disabled" due to a physical or mental impairment. *See* 42 U.S.C. § 423(d)(1). A claimant may administratively dispute the Commissioner's adverse benefits determination at two levels, first through review by an administrative law judge and then through review by the Appeals Council. 20 C.F.R. §§ 404.900(a)(3), (4). After that, she may seek judicial review by filing a complaint in the appropriate federal district court. *See id.* § 404.900(a)(5); 42 U.S.C. § 405(g).

A claimant may only proceed in the district court, however, if her civil action is "commenced within sixty days after the mailing to [her] of notice" of "any final decision of the Commissioner of Social Security made after a hearing to which [she] was a party" or "within such further time as the Commissioner of Social Security may allow." 42 U.S.C.

2

§ 405(g); *see also Bowen v. City of New York*, 476 U.S. 467, 478-79 (1986) (the 60-day time period is not jurisdictional but is instead a statute of limitations that operates as a waiver of sovereign immunity).

The SSA's regulations further provide that a civil action must be "instituted within 60 days after the Appeals Council's notice of denial . . . or notice of the decision by the Appeals counsel is received . . . except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c). "[T]he date of receipt of . . . notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id.*; *accord* 20 C.F.R. § 404.901 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period").

## II. ANALYSIS

Here, the Appeals Council's notice of decision denying Qualia's request for review was dated June 6, 2016. Unless there is a reasonable showing to the contrary, she is presumed to have received the notice five days later on June 11, 2016. *See* 20 C.F.R. §§ 404.901, 422.210(c); *see also Hatchell v. Heckler*, 708 F.2d 578, 579 (11th Cir. 1983)

3

(explaining that "[t]he date of receipt is presumed to be five days after mailing unless there is a reasonable showing to the contrary"). Qualia therefore had 60 days from June 11, 2016 (hence, August 10, 2016), to file her Complaint in federal district court. She did not do so, however, until August 17, 2016. Her action is time-barred.[1]

---

[1] Plaintiff avers that she did not receive the Appeals Council notice until June 22, 2106. *See* doc. 1 at 2; doc. 11. at 2 (copy of envelope postmarked June 22, 2016). But the regulatory presumption for starting the 60-day limitations clock five days after the Appeals Council's dated decision controls. This is so even where, as here, the envelope reflects a different postmarked date than the denial of review letter itself:

> The regulations clearly state that the date of receipt should be presumed to be five days after the date of the actual notice. *See* 20 C.F.R. §§ 404.210(c), 404.901. The regulations do not saying anything about interpreting the date of receipt as five days after the postmark date. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436-37 (6th Cir. 2007) (rejecting the claimant's attempt to calculate the five-day period from the postmark date, rather than from the date of the notice of denial). Moreover, the envelope Williams submitted that shows a postmark date of September 17, 2014, is not sufficient to rebut the presumption that she received the Appeals Council's notice of denial by September 20, 2014. And notably, Williams has not argued or produced any evidence showing that she did not receive the Appeals Council's notice by that date. Nor did she request an extension of time from the Appeals Council to initiate a civil action. Accordingly, the district court did not err by dismissing her complaint as untimely.

*Williams v. Comm'r, Soc. Sec. Admin.*, 2016 WL 5334975 at *2 (11th Cir. Sept. 23, 2016).

Finally, it does not matter that the presumed date of receipt (June 11, 2016) fell on a Saturday. *See Flowers v. Colvin*, 2013 WL 1442511 at *3 (M.D. Ala. Apr. 9, 2013) (rejecting plaintiff's argument that where the presumptive fifth day for receipt is a Sunday, weekend, or holiday, the 60-day limitation period begins to run on the following business day pursuant to Fed. R. Civ. P. 6(a)(1)(C), because "the five-day grace period at issue is found in a regulation," not the Federal Rules of Civil Procedure or "any local rule or court order, or in any statute."). Even crediting that position, however, Qualia's complaint would still be untimely filed. Sixty days

4

## III. CONCLUSION

Plaintiff's Complaint therefore must be dismissed as untimely. Doc. 1. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

---

following Monday, June 13, 2016, was Friday, August 12, 2016. She did not file her Complaint until Wednesday, August 17, 2016. Doc. 1; *see also Cook*, 480 F.3d at 437 (even one day's delay in filing the action is fatal); *Zampella v. Barnhart*, 2004 WL 1529297 at *2 (D. Me. June 16, 2004) ("While this result might be considered harsh, delays of a single day have been held to require dismissal").

5

rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u> 12th </u> day of December, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA